UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SEAN DEMPSEY, | ) |
| Plaintiff, | ) |
| vs. | ) No. 1:13-cv-01279-SEB-DKL |
| MARION COUNTY SHERIFF, MICHAEL DAVIS, | ) |
| Defendants. | ) |

## **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

This cause is before the Court on Plaintiff Sean Dempsey's unopposed Motion to Remand [Docket No. 46], filed on June 27, 2014. For the reasons set forth below, the motion is GRANTED.

### **Procedural Background**

Plaintiff Sean Dempsey was incarcerated in January 2013 in the Marion County Jail in Indianapolis, Indiana, awaiting trial on theft charges. Am. Compl. ¶¶ 6–8. He alleges that on January 29, 2013, a fellow inmate, Defendant Michael Davis, assaulted him, causing severe damage to his right eye. Plaintiff filed a complaint in state court on June 26, 2013, which contained vaguely worded charges against the Marion County Sheriff and the Corrections Corporation of America, a contractor partially responsible for Marion County Jail operations. *See* Docket No. 2, Ex. 2 at 7–8. In answer to Defendants' subsequent interrogatories, Plaintiff clarified the nature of his claims, declaring that he intended to allege, pursuant to 42 U.S.C. § 1983, that Defendant CCA violated his constitutional rights by failing to protect him from assault by Davis. *See* Notice of Removal (Dkt. 2). CCA then removed the suit to this Court on the basis

1

of federal question jurisdiction under 28 U.S.C. § 1331. *Id.* Plaintiff filed an Amended Complaint on March 11, 2014, charging CCA and the Marion County Sheriff with negligence and "deliberate indifference" in violation of his constitutional rights; the amended complaint also added Davis himself as a defendant, accusing him of "intentional torts" and negligence. Am. Compl. ¶¶ 15–16.

Before any dispositive motions had been filed, the parties reported a settlement to the Court. Docket No. 39. Pursuant to the parties' agreement, the court dismissed all claims against Defendant CCA with prejudice, *see* Docket No. 42, and Plaintiff subsequently stipulated to the dismissal of all claims against Defendant Marion County Sheriff as well. Docket No. 45.

On June 27, 2014, Plaintiff moved that the claims against the lone remaining Defendant, Michael Davis, be remanded to state court. Docket No. 46. Davis has not responded to the motion.

## Discussion

The two bases of civil jurisdiction for the United States District Courts are diversity of citizenship and the presence of a claim arising under the Constitution or laws of the United States. *See* 28 U.S.C. §§ 1331–1332. Plaintiff's amended complaint charges Davis, the lone remaining defendant, only with "intentional torts" and negligence. *See* Docket No. 29. Vague as Plaintiff's complaint is—even after its amendment for ostensible clarity—it is clear that its claims against Davis, a private citizen and fellow prisoner, raise no questions of federal law. Because only state law claims are before us and the parties are both citizens of Indiana, *see* Am. Compl. ¶¶ 1–4, we lack subject matter jurisdiction over the suit.

Notwithstanding the dismissal of claims forming the basis of its original jurisdiction, a federal district court may still exercise supplemental jurisdiction over state law claims that are so

related to a claim within the court's original jurisdiction that they form part of the same case or controversy within the meaning of Article III of the Constitution. *See* 28 U.S.C. § 1367; *Wis. Dep't of Corrs. v. Schacht,* 524 U.S. 381, 387 (1998). However, the general rule is that when all federal claims are dismissed, the district court should decline to exercise supplemental jurisdiction unless certain factors are present. *See Carr v. CIGNA Sec., Inc.*, 95 F.3d 544, 546–547 (7th Cir. 1996). The Seventh Circuit has identified three such factors: where the statute of limitations would bar the refiling of the supplemental claims in state court; where substantial federal judicial resources have already been expended on the resolution of the supplemental claims; and where it is obvious how the claims should be decided. *Williams Elecs. Games, Inc. v. Garrity*, 479 F.3d 904, 906–07 (7th Cir. 2007) (citation omitted).

It is plain that none of the circumstances warranting the continued exercise of supplemental jurisdiction over state law claims are present here. Plaintiff himself has brought this motion, and he seeks remand rather than dismissal, relieving us of any concern over the Indiana statute of limitations for his tort claims. *See generally Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 352 (1988) (discussing the presumption in favor of remand rather than dismissal where with dismissal the applicable statute of limitations could bar re-filing). We have expended few judicial resources on this matter, whose federal claims were settled before the parties could submit, or we could address, any dispositive motions. The undeveloped nature of the case and the utter lack of a factual record also render us unable to determine which party is likely to prevail on the intentional tort and negligence claims. After the dismissal of the constitutional claims against CCA and the Marion County Sheriff, what remains is a personal injury suit under Indiana law—one that belongs in an Indiana court. We take Davis's failure to respond to this motion as a signal that he agrees.

Plaintiff's motion to remand is accordingly GRANTED. Additionally, pursuant to Plaintiff's stipulation of dismissal, Docket No. 45, we DISMISS all claims against Defendant Marion County Sheriff, with prejudice.

IT IS SO ORDERED.

Date: 07/21/2014

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MICHAEL DAVIS
,

William A. Hahn
BARNES & THORNBURG LLP
william.hahn@btlaw.com

Ameen R. Najjar
OFFICE OF CORPORATION COUNSEL
Ameen.Najjar@indy.gov

Beth Ann Garrison
OFFICE OF CORPORATION COUNSEL
beth.garrison@indy.gov

Amanda J. Griffith
Office of Corporation Counsel
agriffith@indy.gov

Adam Lenkowsky
ROBERTS & BISHOP
alenkowsky@roberts-bishop.com